UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HOWARD W. HOFFARTH,

    Plaintiff,

-v-

SISTERS OF CHARITY HOSPITAL OF BUFFALO,
NEW YORK, ET AL.,

    Defendants.

---

19-CV-01710-JLS-MJR
REPORT, RECOMMENDATION,
AND ORDER

This matter has been referred to the undersigned by Hon. John L. Sinatra, Jr., pursuant to 28 U.S.C. § 636(b)(1). (Dkt. No. 17). Before the Court is the motion of defendant The City of Buffalo ("City of Buffalo") to dismiss the complaint against it, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. (Dkt. No. 12). For the following reasons, it is recommended that the City of Buffalo's motion to dismiss be granted and that all claims against the City of Buffalo be dismissed with prejudice.

## BACKGROUND[1]

The complaint in this case was filed on December 26, 2019. (Dkt. No. 1). Relevant to the instant motion, Plaintiff alleges that on December 26, 2016, he was brought to defendant Sisters of Charity Hospital of Buffalo, New York (the "Hospital"), for evaluation prior to an anticipated operation on his foot/leg. At some point, he asked Hospital employees to discharge him so that he could leave and seek treatment

---

[1] The following facts are taken from Plaintiff's complaint.

elsewhere. Hospital security officers, defendants John Doe Nos.1-4, were then called to his room. They entered the room, beat Plaintiff, ripped tubes and medical devices from his body, held him down and handcuffed him to the bed. Hospital security guard defendant John Doe No. 5 was also present when the beating occurred, remained seated in a chair, and watched the entire incident. Plaintiff alleges, upon information and belief, that defendants John Doe Nos. 1-5, in addition to being Hospital security guards, were also City of Buffalo police officers and wore blue uniforms. Defendants John Doe Nos. 1-5, based on allegedly false information, subsequently obtained authorization to put a psychiatric hold on Plaintiff. Plaintiff was kept in his Hospital room against his will until December 30, 2016.

Plaintiff asserts claims, pursuant to 42 U.S.C. § 1983, against all defendants for false imprisonment, excessive force, failure to intervene and conspiracy, all in violation of his rights under the Fourth and Fourteenth Amendments. He also asserts a claim that the defendants, including the City of Buffalo, developed and maintained policies, customs, and practices exhibiting deliberate indifference to the constitutional rights of persons in the City of Buffalo, including him. Against defendant City of Buffalo, he also alleges that it maintains a policy, custom, or practice of retaliating against individuals who lawfully object to police actions or behave in a way that officers perceive as disrespectful. Further, he alleges that defendant City of Buffalo failed to train properly Buffalo police officers regarding: (1) the procedure for when use of force is necessary; (2) the procedure for not using excessive force; (3) the procedure for when a psychiatric hold should be placed on an individual; (4) the procedure for when to provide necessary

care; (5) the procedure for placing handcuffs on individuals; and (6) the procedure for reporting an incident of violence or use of force by police officers.[2]

## DISCUSSION

*Rule 12(b)(6)*

Rule 12 (b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim. Fed. R. Civ. P. 8 (a)(2). However, the plain statement must "possess enough heft to show that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). While courts must accept all precisely worded factual allegations as true, legal conclusions or unsupported inferences or assumptions in a complaint need not be accepted as true in the context of deciding a Rule 12 motion. *See Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) ("[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

---

[2] Plaintiff also asserted state law claims against defendant City of Buffalo and defendants John Doe Nos. 1-5 in their official capacities, but has withdrawn those claims. (Dkt. No. 16, p. 2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999). If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 680. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).

*Monell Liability*

It is well established that a municipality such as defendant City of Buffalo cannot be held liable under Section 1983 on a *respondeat superior* theory. *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690–91 (1978); *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a § 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." *Cash v. Cty. of Erie*, 654 F.3d 324, 333 (2d Cir.

2011) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011)). Local governments may also "be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell*, 436 U.S. at 690–91.

"Although there is no heightened pleading requirement for complaints alleging municipal liability under § 1983, a complaint does not suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Frederick v. City of New York*, No. 13-CV-897 (MKB), 2016 WL 8711395, at *18 (E.D.N.Y. Mar. 25, 2016) (internal quotations and citations omitted). To survive a motion to dismiss a municipal liability claim, "a plaintiff must allege facts tending to support, at least circumstantially, an inference that ... a municipal policy or custom exists." *Santos v. New York City*, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) (citing *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993)).

A plaintiff can establish the existence of a municipal policy or custom by showing: (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision-making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge and acquiescence can be implied on the part of the policymakers; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to deliberate indifference to the rights of those who come in contact with the municipal employees. See *Moray v. City of Yonkers*, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted).

To state a claim for municipal liability based on failure to train, a plaintiff must allege facts which support an inference that the municipality failed to train its police officers, that it did so with deliberate indifference, and that the failure to train caused his constitutional injuries. *See Triano v. Town of Harrison*, 895 F. Supp. 2d 526, 540 (S.D.N.Y. 2012) (citations omitted). To adequately allege deliberate indifference, a plaintiff must allege facts plausibly showing that (1) "a policymaker [knew] 'to a moral certainty' that city employees will confront a particular situation;" (2) "the situation either presents the employee with 'a difficult choice of the sort that training or supervision will make less difficult' or 'there is a history of employees mishandling the situation;' " and (3) "the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights." *Wray v. City of New York*, 490 F.3d 189, 195–96 (2d Cir. 2007) (quoting *Walker v. City of New York*, 974 F.2d 293, 297–98 (2d Cir. 1992)); *Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007).

A plaintiff asserting a failure to train claim must allege more than a simple recitation of his or her theory of liability. *Simms v. The City of New York*, No. 10-CV-3420 (NGG) (RML), 2011 WL 4543051, at *2-3 (E.D.N.Y. Sept. 28, 2011), *aff'd sub nom. Simms v. City of New York*, 480 F. App'x 627 (2d Cir. 2012). A plaintiff must allege that the municipality was on "notice that a course of training is deficient in a particular respect." *Connick*, 563 U.S. at 60. Thus, a plaintiff must allege that the type of police misconduct at issue, *e.g.*, use of excessive force, was known to the municipality, and not just that the municipality's police officers engaged in misconduct. *See id.* (holding that claim that district attorney's office was aware of *Brady* violations was insufficient to make out a *Monell* claim because the other instances of alleged misconduct involved

failures to disclose different materials than those at issue in that case). A plaintiff must identify other specific instances of police misconduct, because "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Id.* (quoting *Board of Comm'rs of Bryan City v. Brown*, 520 U.S. 397, 409 (1997)).

"[W]here ... a city has a training program, a plaintiff must ... 'identify a specific deficiency in the city's training program and establish that that deficiency is "closely related to the ultimate injury," such that it "actually caused" the constitutional deprivation.' " *Wray*, 490 F.3d at 196 (quoting *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 129 (2d Cir. 2004)). The plaintiff must allege facts showing "that the training program was inadequate, not '[t]hat a particular officer may be unsatisfactorily trained' or that 'an otherwise sound program has occasionally been negligently administered,' and that a 'hypothetically well-trained officer' would have avoided the constitutional violation." *Okin v. Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 440–41 (2d Cir. 2009) (quoting *Canton v. Harris*, 489 U.S. 378, 390–91 (1989)).

Applying the above principles to the instant case, the Court finds that the Plaintiff has failed to state a claim for relief under *Monell* against the City of Buffalo. Plaintiff alleges that the City of Buffalo has a policy, custom or practice of deliberate indifference to people's constitutional rights and a policy, custom or practice of retaliating against individuals who object to police actions or behavior. However, Plaintiff fails to allege any facts tending to support, at least circumstantially, an inference that such municipal policies or customs actually exist. Instead, the complaint contains only boilerplate allegations attempting to state a *Monell* claim. Such threadbare allegations are simply

insufficient to allege *Monell* liability. *See Piotrowski on behalf of J.P. v. Rocky Point Union Free School District*, 18-CV-6262, 2020 WL 2836792, at *12 (E.D.N.Y. May 28, 2020); *Murphy v. City of Elmira*, 18-CV-06572, 2020 WL 709610, at *3 (W.D.N.Y. Feb. 12, 2020) (citations omitted).

Plaintiff's attempt to allege *Monell* liability against the City of Buffalo for failing to train properly its police officers is equally without merit as he fails to allege "sufficient factual matter ... to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 67 (quoting *Twombly*, 550 U.S. at 570). Plaintiff's mere claim that the City of Buffalo failed to train its police officers is "boilerplate" and is insufficient, without more, to state a *Monell* claim. *Araujo v. City of New York*, No. 08-CV-3715, 2010 WL 1049583, at *9 (E.D.N.Y. Mar. 19, 2010) (internal quotations omitted). Plaintiff merely alleges that the City of Buffalo failed to train properly its employees, without providing any supporting factual detail about alleged deficiencies in the training program, or regarding other instances of police misconduct which could be attributed to a failure to train. He has not pled any facts suggesting that an alleged training deficiency caused his constitutional injury, for example by identifying "procedural manuals or training guides" or by "highlight[ing] relevant particular aspects of police training or supervision." *Marte v. New York City Police Dep't*, No. 10 Civ. 3706 (PKC), 2010 WL 4176696, at *3 (S.D.N.Y. Oct. 12, 2010). The only facts that Plaintiff includes in his complaint relate to his interactions with the five John Doe defendants (which he claims were City of Buffalo police officers) on the day in question. However, "the facts provided in connection with the single incident experienced by [ ][P]laintiff does not put the [City of Buffalo] on notice as to what its policymakers have done or failed to do that amount[s] to deliberate indifference

to unconstitutional conduct by its police force." *Rodriguez v. City of New York*, No. 10-CV-1849, 2011 WL 4344057, at *5 (S.D.N.Y. Sept. 7, 2011). Plaintiff's mere conclusory allegations that the City of Buffalo failed to train properly its police officers, without any supporting factual material or allegations of a pattern of similar constitutional violations by police officers, are insufficient to state a plausible claim for municipal liability. *See Acosta v. City of New York*, No. 11 Civ. 856 (KBF), 2012 WL 1506954, at *11 (S.D.N.Y. Apr. 26, 2012) (dismissing *Monell* claim where plaintiff merely alleged that the city "failed to train its police officers as to display a deliberate indifference," because plaintiff "failed to set forth factual allegations that would support a plausible inference that the City's 'policies' or 'customs' caused [the] alleged violations of plaintiff's rights"); *Simms*, 2011 WL 4543051, at *2 (dismissing failure to train claim where there was "not enough factual material in the Complaint for the court to reasonably infer that the police misconduct [plaintiff] allege[d] was the result of anything other than the individual acts of the arresting officer"); *Johnson v. City of New York*, No. 06-CV-09426, 2011 WL 666161, at *4 (S.D.N.Y. Feb. 15, 2011) (holding that complaint that "contain[ed] only an unsupported conclusory allegation that the City failed to train the individual Defendants" could not withstand a motion to dismiss because plaintiff did not plead any facts that "plausibly allege[d] a specific deficiency in the training or supervision program" (internal quotation marks omitted)); *Araujo*, 2010 WL 1049583, at *9 (dismissing failure to train claim where plaintiff alleged "no facts to indicate any deliberate choice by municipal policymakers to engage in unconstitutional conduct").

Plaintiff argues that in *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 130 n.10 (2d Cir. 2004), the Second Circuit held that when pleading a *Monell* failure to train

-9-

claim, a more relaxed pleading standard is applicable. The Court finds this argument unpersuasive.

It is correct that in *Amnesty America,* the Second Circuit suggested in *dicta* that to state a claim for a municipality's failure to train its employees, a plaintiff "need only plead that the city's failure to train caused the constitutional violation," because "[i]t is unlikely that a plaintiff would have information about the city's training programs or about the cause of the misconduct at the pleading stage." *Id.* However, such a relaxed pleading standard is inconsistent with *Twombly's* subsequent pronouncement that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions," *540 *Twombly,* 550 U.S. at 555 (alteration in original) (internal quotation marks omitted), and with *Iqbal's* requirement that a plaintiff must "plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. After *Twombly* and *Iqbal,* the Second Circuit has made clear that Plaintiff must do more than merely state that the municipality's failure to train caused his constitutional injury. *See Triano,* 895 F. Supp. 2d at 540 (citing *Simms,* 480 F. App'x at 631 n.4); *see also Santos,* 847 F.Supp.2d at 577 ("Because the existence of a municipal policy or practice, such as a failure to train or supervise, cannot be grounded solely on the conclusory allegations of the plaintiff, [plaintiff's] claims against the City are dismissed with prejudice."); *Simms,* 2011 WL 4543051, at *2 n. 3 ("Since [*Twombly* and *Iqbal* ], courts in this district have generally required that plaintiffs provide more than a simple recitation of their theory of liability, even if that theory is based on a failure to train."); *see also Plair v. City of New York,* 789 F.Supp.2d 459, 469 (S.D.N.Y.2011) ("'It is questionable whether the

claim, a more relaxed pleading standard is applicable. The Court finds this argument unpersuasive.

It is correct that in *Amnesty America,* the Second Circuit suggested in *dicta* that to state a claim for a municipality's failure to train its employees, a plaintiff "need only plead that the city's failure to train caused the constitutional violation," because "[i]t is unlikely that a plaintiff would have information about the city's training programs or about the cause of the misconduct at the pleading stage." *Id.* However, such a relaxed pleading standard is inconsistent with *Twombly's* subsequent pronouncement that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions," *540 *Twombly,* 550 U.S. at 555 (alteration in original) (internal quotation marks omitted), and with *Iqbal's* requirement that a plaintiff must "plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. After *Twombly* and *Iqbal,* the Second Circuit has made clear that Plaintiff must do more than merely state that the municipality's failure to train caused his constitutional injury. *See Triano,* 895 F. Supp. 2d at 540 (citing *Simms,* 480 F. App'x at 631 n.4); *see also Santos,* 847 F.Supp.2d at 577 ("Because the existence of a municipal policy or practice, such as a failure to train or supervise, cannot be grounded solely on the conclusory allegations of the plaintiff, [plaintiff's] claims against the City are dismissed with prejudice."); *Simms,* 2011 WL 4543051, at *2 n. 3 ("Since [*Twombly* and *Iqbal* ], courts in this district have generally required that plaintiffs provide more than a simple recitation of their theory of liability, even if that theory is based on a failure to train."); *see also Plair v. City of New York,* 789 F.Supp.2d 459, 469 (S.D.N.Y.2011) ("'It is questionable whether the

claim, a more relaxed pleading standard is applicable. The Court finds this argument unpersuasive.

It is correct that in *Amnesty America,* the Second Circuit suggested in *dicta* that to state a claim for a municipality's failure to train its employees, a plaintiff "need only plead that the city's failure to train caused the constitutional violation," because "[i]t is unlikely that a plaintiff would have information about the city's training programs or about the cause of the misconduct at the pleading stage." *Id.* However, such a relaxed pleading standard is inconsistent with *Twombly's* subsequent pronouncement that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions," *540 *Twombly,* 550 U.S. at 555 (alteration in original) (internal quotation marks omitted), and with *Iqbal's* requirement that a plaintiff must "plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. After *Twombly* and *Iqbal,* the Second Circuit has made clear that Plaintiff must do more than merely state that the municipality's failure to train caused his constitutional injury. *See Triano,* 895 F. Supp. 2d at 540 (citing *Simms,* 480 F. App'x at 631 n.4); *see also Santos,* 847 F.Supp.2d at 577 ("Because the existence of a municipal policy or practice, such as a failure to train or supervise, cannot be grounded solely on the conclusory allegations of the plaintiff, [plaintiff's] claims against the City are dismissed with prejudice."); *Simms,* 2011 WL 4543051, at *2 n. 3 ("Since [*Twombly* and *Iqbal* ], courts in this district have generally required that plaintiffs provide more than a simple recitation of their theory of liability, even if that theory is based on a failure to train."); *see also Plair v. City of New York,* 789 F.Supp.2d 459, 469 (S.D.N.Y.2011) ("'It is questionable whether the

boilerplate *Monell* claim often included in many § 1983 cases ... was ever sufficient to state a claim upon which relief could be granted. In light of [*Iqbal* and *Twombly* ], it is now clear that such boilerplate claims do not rise to the level of plausibility.'" (quoting *Santiago v. City of New York*, No. 09–CV–856, 2009 WL 2734667, at *3 (E.D.N.Y. Aug. 18, 2009))).[3]

*Conspiracy Claim*

In addition to the reasons stated above, Plaintiff's § 1983 conspiracy claim against the City of Buffalo must be dismissed as it is based solely on conclusory allegations and fails to allege any facts supporting such a claim. Because conspiracy claims are "so easily made and can precipitate such protracted proceedings[,] . . . detailed fact pleading is required to withstand a motion to dismiss." *Angola v. Civiletti*, 666 F.2d 1, 4 (2d Cir. 1981). A plaintiff seeking to assert a claim of conspiracy to violate civil rights must allege "more than general allegations"; conclusory allegations are insufficient. *See Charles v. Maleh*, No. 3:02-CV-1341 (AWT), 2006 WL 581206, at *13-14 (D. Conn. Mar. 8, 2006); *Bourguignon v. Lantz*, No. 3:05-CV-245 (SRU), 2006 WL 214009, at *8-9 (D. Conn. Jan. 25, 2006); *Brewster v. Nassau Cty.*, 349 F. Supp. 2d 540, 547 (E.D.N.Y. 2004) ("[a] complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss") (quoting *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir.), *cert. denied*, 464 U.S. 857 (1983)). "A plaintiff alleging a civil rights conspiracy must, at the very least, plead facts to demonstrate that the defendants entered into an agreement, express or

---

[3] Defendant City of Buffalo also argues that the § 1983 official capacity claims against the John Doe defendants should be dismissed. However, the John Doe defendants have yet to be identified, served or appear. Thus, the Court finds this argument premature.

tacit, to achieve the unlawful end." *Okoi v. El Al Israel Airlines*, Civil Action No. 05-5370 (DRH)(WDW), 2006 WL 3501224, at *4 (E.D.N.Y. Dec. 4, 2006) (citations omitted).

Here, Plaintiff's conspiracy allegations are wholly conclusory. He fails to allege sufficient factual matter to state a conspiracy claim that is plausible on its face. He alleges no specific facts to support the existence of a conspiracy, or that the City of Buffalo was part of such a conspiracy. Accordingly, Plaintiff's conspiracy claim against the City of Buffalo must be dismissed for this reason as well.

## CONCLUSION

For the foregoing reasons, it is recommended that defendant City of Buffalo's motion to dismiss (Dkt. No. 12) be granted and that all claims against the City of Buffalo be dismissed with prejudice.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report, Recommendation, and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to this Report, Recommendation, and Order must be filed with the Clerk of Court within fourteen days of service of this Report, Recommendation, and Order in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and Local Rule of Civil Procedure 72. Any requests for an extension of this deadline must be made to Judge Arcara.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report, Recommendation, and***

Order *WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.* See *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. See *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Civil Procedure 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection.***

**SO ORDERED.**

Dated: July 20, 2020
Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge